UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY N. STRAW,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 09-0511-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On March 16, 2009, Ray N. Straw ("Plaintiff" or "Claimant"), filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for both Social Security disability insurance benefits and Supplemental Social Security income. The Commissioner filed an Answer on June 18, 2009. On November 13, 2009, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. The matter is now ready for decision. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff is a 45 year old male who has the severe medical impairment of Schamberg's disease, a dermatological disorder. (AR 10.) He alleges an onset date of April 2, 2002. (AR 10.) He has not engaged in substantial gainful activity since that date. (AR 10.)

Plaintiff filed applications for disability insurance and supplemental security income on July 14, 2006. (AR 8.) The claims were denied initially on September 14, 2006, and on reconsideration on February 16, 2007. (AR 8.)

Plaintiff requested a hearing which was held on March 28, 2008, in San Bernardino, California, before Administrative Law Judge ("ALJ") F. Keith Varni. ALJ Varni issued an unfavorable six page decision on August 19, 2008. (AR 8-13.) The ALJ determined that, notwithstanding his dermatological impairment, Plaintiff had the residual functional capacity ("RFC") to perform work which is exertionally unlimited, including his past relevant work as a driver. (AR 10-11,15.) Consequently, the ALJ determined that Claimant has not been under a disability within the meaning of the Social Security Act. (AR 13.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.

2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

The Court reverses the ALJ's decision and remands for further proceedings. The ALJ did not properly consider Plaintiff's subjective pain symptoms. The ALJ also failed to develop the record fully, particularly in regard to Schamberg's disease. Further, the ALJ failed to consider Plaintiff's combined impairments of Schamberg's disease and hypertension.

### A.   The Sequential Evaluation

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine "whether the claimant is presently engaging in substantially gainful activity." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The ALJ, however, must consider

the combined effect of all the claimant's impairments on his or her ability to function, regardless of whether each alone is sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that, at all times, the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Plaintiff's Medical Condition**

Plaintiff repeatedly and consistently has complained of severe, debilitating pain since the onset of his Schamberg's disease dermatological condition in 2002. (AR 85, 92, 128, 135, 167, 187.) Plaintiff suffers pain in his feet and lower legs from his kneecaps to his toes. (AR 19-21, 92.) The skin peels off his lower limbs like a chemical burn. (AR 19, 85.) He gets lesions and cysts on the bottom of his feet. (AR 21.) His condition results in severe itching, pain, very dry skin, and bleeding. (AR 23.) Plaintiff has been hospitalized on several occasions because of the bleeding, weeping, cracking, scaling, and fissuring of his skin and because of open wounds and recurrent infections in his lower extremities. (AR 128-29, 157, 167, 185, 193, 245, 247, 313.) He received morphine during his hospital stays

for the constant, severe, burning pain. (AR 95, 157.) These facts are undisputed and documented in the medical record.

He typically elevates his feet so that they don't touch the ground, which makes sitting for extended periods difficult. (AR 25-26.) He cannot wear shoes and uses a cast shield or soft shoe to get around. (AR 24-25, 114, 124.) He claims that he cannot walk for more than 10-15 minutes (AR 23) or stand more than an hour. (AR 114, 124.)

Plaintiff has received numerous medications for his condition, including prednisone, atarax, clindamycin, hydrocodeine, and steroid creams. (AR 89, 113, 123, 128, 129.) His condition, however, has not cleared and is unlikely to do so. (AR 27.) A note from the dermatological clinic dated March 9, 2008, indicates that the condition is not improving despite treatment. (AR 245.)

Plaintiff also suffers from hypertension and high blood pressure. (AR 10, 110.) He receives hydrochlorothiazide ("HCTZ"), atenolol, and vasotec for these conditions. (AR 29-30, 89, 113, 123.)

### C. The ALJ Did Not Properly Consider Plaintiff's Subjective Pain Symptoms

Skin impairments and pain are nonexertional impairments. Bellany v. Secretary of Health & Human Services, 755 F.3d 1380, 1383 (9th Cir. 1985) (pain); 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(e) (skin impairments). The ALJ determined that Plaintiff did not have any nonexertional limitations except environmental limitations. (AR 10-11.) The ALJ discounted Plaintiff's pain testimony, largely due to medication noncompliance. (AR 12.) The ALJ, however, did not meet applicable legal standards for rejecting the subjective pain symptoms.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.3d 341, 346 (9th Cir. 1991); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82 esp. n. 2 (9th Cir. 1995); Cotton v. Bowen, 799 F.2d 1403,

1407 (9th Cir. 1986). The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Reddick, 157 F.3d 722; Smolen, 80 F.3d at 1283-84. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

In this case, the ALJ concedes that Plaintiff's medically determinable impairment is severe and reasonably could be expected to produce his alleged subjective pain symptoms. (AR 11.) There is no assertion that Plaintiff is malingering. Thus, the ALJ was obliged to offer specific, clear and convincing reasons for rejecting Plaintiff's testimony about the severity of his pain. The ALJ's opinion fails to meet this exacting standard.

The ALJ determined that Plaintiff had a residual functional capacity which is exertionally unlimited and requires only mild environmental limits of no exposure to temperature extremes, constant moisture, and irritating chemicals. (AR 10-11.) The ALJ also found Plaintiff's statements not credible to the extent inconsistent with the RFC. (AR 11-12.) In making these determinations, the ALJ relied on two state agency physician reviews from Dr. Eskander and Dr. Do and the report of consulting examiner, Dr. Nicholas Lin, an internist.

The ALJ opinion (AR 12) relies heavily on the September 14, 2006, state agency physician's summary of the medical evidence. The primary conclusion of Dr. Eskander was that, "[b]ased on the medical evidence of record the claimant has dermatitis and evidence

6

shows that it is controlled with medication but the problem is with noncompliance and recurrent infections which respond to antibiotics." (AR 12.)

Dr. Eskander's summary is unsupported by and contrary to the record. First, although there is substantial evidence of noncompliance with medications for hypertension and blood pressure (AR 128-29, 155, 157, 159, 160, 175, 229, 230, 246, 249, 298, 299) there is scant or no or at best ambiguous evidence of noncompliance with the medications for Plaintiff's dermatitis. In fact, some entries indicate Plaintiff sought out medication refills for dermatitis at the same time as he was eschewing his hypertension and blood pressure medications. (AR 230, 299.) Other entries do not make it clear which medications Plaintiff failed to take but they appear to be in regard to his hypertension. (AR 128, 155, 229.) The medical consultant's summary was inaccurate and contrary to the record, wrongly asserting noncompliance with dermatological medications.

Second, the ALJ ignores a physician note indicating that Plaintiff's hypertension medication HCTZ "probably dries out his skin . . . that's what causes him pain when the skin dries." (AR 160.) The entry adds, "Maybe that's why he's noncompliant." (AR 160.) Neither the ALJ nor the reviewing and consulting physicians ever mention this note or consider the potential impact of the hypertension and blood pressure medications on Plaintiff's dermatitis.

Third, physician notes indicate that Plaintiff's noncompliance was financial. (AR 155, 263.) Plaintiff cannot be faulted for his noncompliance if he cannot afford his medications or if the medications worsen his dermatitis. Kent v. Astrue, 335 Fed. Appx. 673, 675 (9th Cir. 2009) (unpublished)[1] (ALJ cannot reject symptom testimony for not seeking treatment where claimant cannot afford it); Regenniter v. Commissioner, 166 F.3d 1294, 1296-97 (9th Cir. 1999) (ALJ cannot reject symptom testimony for not seeking treatment where claimant cannot afford treatment or medications); Riley v. Astrue, 2010 WL 1333858 at *3 (C.D. Cal.

---

[1] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

2010) (unpublished) (failure to seek treatment is acceptable reason to discount pain testimony only if it is unexplained or inadequately explained).

Thus, Dr. Eskander's assertion that Plaintiff's condition would be stable if Plaintiff took his medications is unsupported and contrary to the medical record.  Other physician notes indicating that the condition rebounds or worsens on occasion or is not improving despite treatment (AR 170, 245) also undermine Dr. Eskander's opinion.  Neither Dr. Eskander nor the ALJ ever address these significant, contrary medical findings.  Of greatest importance, there is no basis for the implicit assumption that compliance with medications would relieve Plaintiff's pain and that Plaintiff's alleged constant pain is not credible.

In rejecting Plaintiff's credibility, the ALJ also relies on the February 16, 2007, entry by Dr. Do who simply adopts Dr. Eskander's inaccurate summary.  His note adds nothing of consequence in any event.

The ALJ based his RFC on the report of the consulting internist Dr. Lin.  (AR 331-335.)  The ALJ also relied on Dr. Lin's report in rejecting Plaintiff's credibility.  Dr. Lin's internal medicine evaluation notes the history of cellulitis and Plaintiff's alleged pain, and found hyperpigmented discoloration on both lower legs. (AR 331, 334.)  Nonetheless, Dr. Lin found only medium level work limitations which were rejected by the ALJ who concluded that Plaintiff has no nonexertional limitations save for environmental.  (AR 11.)  Dr. Lin, however, never addresses Plaintiff's alleged pain or explains on what basis he can stand or walk for 6 hours in an 8 hour workday or sit for 6 hours.

The same is true of the ALJ's RFC.  The ALJ notes Plaintiff's assertion of pain but dismisses these assertions as "without support from medical opinion or records."  Plaintiff's credibility on the severity of his pain cannot be discredited on medical evidence alone.  Reddick, 157 F.3d at 722.  The reasons given by the ALJ for rejecting Plaintiff's credibility, the three physician reports analyzed above, are purely medical evidence that turn out to be inaccurate or unsupported by record evidence or unexplained or undermined by relevant

facts and evidence that were not considered.  The ALJ also failed to discuss the functional assessment of nurse practitioner Elaine Gackle, which the Commissioner concedes is an "other source."  (JS 8.)   The reasons given by the ALJ for rejecting Plaintiff's credibility on the severity of his pain are not clear, convincing, valid, or sufficient.

The ALJ's error in rejecting Plaintiff's pain testimony also taints his conclusion that Plaintiff is capable of performing his previous job as a driver.  (AR 13, 104.)  Dr. Lin's medium work limitation (itself unexplained) would have required a vocational expert to determine whether Plaintiff could perform his prior work.  Cooper v. Sullivan, 880 F.2d 1152, 1156 (9th Cir. 1989).  By rejecting Dr. Lin's assessment, the ALJ avoided retention of a vocational expert.  It is not credible that Plaintiff can perform his prior work as a driver in view of his extensive medical history, constant pain and multiple medications for multiple impairments.

### D.    The ALJ Failed To Develop The Record

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  The ALJ has a basic duty to inform himself about facts relevant to his decision.  Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring).  The ALJ's duty to develop the record exists even when the claimant is represented by counsel.  Tonapetyan, 242 F.3d at 1150.

Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.  The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing or keeping the record open after the hearing to allow supplementation of the record.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

The ALJ failed to develop the record sufficiently regarding Schamberg's disease, its treatability, and its impact on functioning. He also should have retained a vocational expert.

Additionally, there is extensive medical record evidence of inpatient and outpatient treatment at Arrowhead Regional Medical Center in San Bernardino. This evidence includes treatment by dermatologists and by specialists in wound care. The ALJ never discusses this extensive evidence, relying instead on Dr. Eskander's inaccurate summary. The ALJ never followed up with any of Plaintiff's treating physicians to determine whether Plaintiff's condition can be stabilized and the pain successfully alleviated with medications, whether Plaintiff's assertions of pain are credible or common, and whether the hypertension medications may be exacerbating his dermatitis or how Plaintiff's skin condition and pain were impacting his functioning.

The ALJ also failed to recognize and resolve the ambiguity of the evidence on Plaintiff's noncompliance with his medications and the reasons for the noncompliance. The ALJ should have developed the record further on Plaintiff's medication noncompliance, which was central to the ALJ's decision.

Further, there is considerable evidence that Plaintiff's hypertension is uncontrolled or poorly controlled. (AR 165, 229, 239, 248, 327.) The ALJ never addresses this evidence, concluding only that the hypertension is controlled by medications and attributing any problem to noncompliance with medications. (AR 10.) The medications, however, may be exacerbating Plaintiff's dermatitis. (AR 160.) The ALJ should have developed the record further on this issue.

### III. The ALJ Failed To Consider Plaintiff's Multiple Impairments In Combination With Each Other

The ALJ also erred by failing to consider Plaintiff's multiple impairments <u>in combination</u> with each other. A claimant's illness "must be considered in combination and must not be fragmentized in evaluating their effects." <u>Beecher v. Heckler</u>, 756 F.2d 693, 694-95 (9th Cir. 1985). The ALJ must consider the combined effect of all of a claimant's impairments on his or her ability to function "without regard to whether each alone was sufficiently severe." <u>Smolen</u>, 80 F.3d at 1290.

In this case, the ALJ correctly found Plaintiff's dermatological condition to be severe. The ALJ did not consider Plaintiff's hypertension to be severe, concluding that it could be controlled with medications. The two impairments, however, are linked because Plaintiff's hypertension medication may be affecting his dermatitis. Plaintiff is taking multiple medications for multiple impairments. Neither the ALJ opinion nor the evidence cited by the ALJ ever considers the impairments, and the medications prescribed for those impairments, <u>in combination</u>. This was error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding for further proceedings in accordance with law and with this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: <u>June 8, 2010</u>         */s/ John E. McDermott*
                                               JOHN E. MCDERMOTT
                               UNITED STATES MAGISTRATE JUDGE